USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/22/2025_

**MEMORANDUM ENDORSEMENT**

7:25-cv-9671-NSR
Ingber v. Brown et al

The Court is in receipt of the Dutchess County and City Defendants' letters seeking leave to file a motion to dismiss the operative complaint.  (ECF Nos. 12–14.)  The Court is also in receipt of Plaintiff's letter.  (ECF No. 15.)  The Court hereby waives the pre-motion conference requirement and grants Defendants leave to file a motion to dismiss in accordance with the following briefing schedule:

1) Defendants' motion papers shall be served (not filed) February 5, 2026;
2) Plaintiff's opposition papers shall be served (not filed) March 22, 2026; and
3) Defendants' reply papers shall be served April 6, 2026.

The parties are directed to file all motion documents on the reply date, April 6, 2026.  The parties are further directed to mail two physical copies and email an electronic copy to Chambers of motion documents as they are served.  The Clerk of Court is kindly directed to terminate the motions at ECF Nos. 12–15.

SO ORDERED.

Dated: December 22, 2025
        White Plains, NY

Nelson S. Román, U.S. District Judge

# COOK, KURTZ & MURPHY, P.C.

ATTORNEYS & COUNSELORS AT LAW
85 MAIN STREET
P.O. BOX 3939
KINGSTON, N.Y. 12402
(845) 331-0702

**ERIC M. KURTZ**
**THOMAS A. MURPHY**
**MICHAEL T. COOK**
**JOHN C. BURNS**

FAX: (845) 331-1003
e-mail: jburns@cookfirm.com
*www.cookfirm.com*

**ANDREW J. COOK, SR. (1884-1958)**
**ANDREW J. COOK, JR. (1918-1997)**
**FRANCIS X. TUCKER (1923-1987)**
_____

**ROBERT D. COOK (Retired)**

December 19, 2025

**BY CM/ECF**
Honorable Nelson Roman
United States District Court
Southern District of New York
300 Quarropas Street,
White Plains, New York, 10601

Re:   **Ingber v. Brown et al.**
      **Index No.: 7:25-cv-09671-NSR**
      **Our File: 2025-133**

Dear Judge Roman:

Please be advised that my office has been retained to represent the Dutchess County Defendants in the above-matter. As may recall, Your Honor directed that the defendants are to Answer or otherwise respond to the Complaint by December 24, 2025. Pursuant to Your Honor's individual rules, the Dutchess County Defendants respectfully submit this letter seeking a pre-motion conference in anticipation of filing a motion to dismiss the complaint pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure.

By way of background, the complaint alleges that, on March 5, 2023, Plaintiff discovered that his social media accounts had been "hacked". (See Doc. No. 2 at ¶ 42). As a result of the hack, "friend requests" were sent to a number of people, including co-defendant, Cortney Brown, with whom Plaintiff had previously been romantically involved. (See Doc. No. 2 at ¶ 29, 43). Upon learning that a request had been sent to Ms. Brown, Plaintiff traveled to the Poughkeepsie Police Department to meet with Plaintiff's then-boyfriend, Tyler Hoag, to explain the situation. (See Doc. No. 2 at ¶ 44). However, Plaintiff was not permitted to meet with Officer Hoag. (See Doc. No. 2 at ¶ 44). Shortly thereafter, Plaintiff was contacted by a member of the New York State Police, who requested that Plaintiff come to the police station. (See Doc. No. 2 at ¶ 45). Plaintiff thereafter traveled to the police station, where he accepted service of a summons and criminal complaint. (See Doc. No. 2 at ¶ 45). He was thereafter charged in the Town Court for the Town of Pleasant Valley by Information including a supporting deposition which was signed by Cortney Brown on March 9, 2023. (See Doc. No. 2 at ¶ 46). The charges consisted of two counts of Harassment in the second degree. (See Doc. No. 2 at ¶ 46). Plaintiff's attorney thereafter moved to dismiss the charges against him and Defendants Jones

and Defazio are alleged to have nonetheless arraigned Plaintiff on the harassment charges. (See Doc. No. 2 at ¶ 49, 57).   The District Attorney Defendants thereafter filed a new Information, signed by New York State Police Officer Tyler Guerriere, for the misdemeanor crime of Stalking (causing fear) in the fourth degree. (See Doc. No. 2 at ¶ 58).   It is alleged that, after the denial of his motion to dismiss and after receipt of the People's discovery response, Plaintiff exchanged more than three years of text messages between himself and Ms. Brown.  (See Doc. No. 2 at ¶ 73).  After receiving the messages in discovery, the District Attorney Defendants continued with the prosecution of the plaintiff despite the "fact" that Brown had allegedly perjured herself. (See Doc. No. 2 at ¶ 79,80).   Plaintiff was acquitted on November 15, 2024. (See Doc. No. 2 at ¶ 89).

It is upon these facts taken solely from Plaintiff's complaint, that Plaintiff asserts ten separate causes of action, none of which are actionable against the Dutchess County Defendants.  At the outset, it should be noted that the "Unidentified Jane/John Doe Dutchess County Employees" named in the caption do not appear in the factual allegations whatsoever. While it is generally understood that a Plaintiff may not know the names of all parties involved in an action, personal involvement is a prerequisite to liability under §1983. *Levantino v. Skala*, **56 F.Supp.3d 191 (E.D.N.Y. 2014)** citing *Wright v. Smith*, **21 F.3d 496 (2d Cir. 1994)**. There are no specific allegations relating to any of the "Doe" defendants and the complaint should be dismissed against them.

The complaint similarly fails to allege that the Dutchess County Defendants were involved with Plaintiff's arrest or the investigation of the allegations against him.  Indeed, one of the main focuses of the complaint appears to be that County Defendants *failed* to investigate the charges.  Rather, the complaint appears to suggest that the Dutchess County Defendants had no involvement until Plaintiff's arraignment.  It is well settled that the "doctrine of absolute immunity applies broadly to shield from liability for money damages in a § 1983 lawsuit, even when the result may be that a wronged plaintiff is left without an immediate remedy." *Werkheiser v. County of Broome*, **655 F.Supp.3d 88 (N.D.N.Y. 2023)** citing *Anilao v. Spota*, **27 F.4th 855, 863-864 (2d Cir. 2022)**.   The Second Circuit has held that prosecutors enjoy "absolute immunity from § 1983 liability for those prosecutorial activities intimately associated with the judicial phase of the criminal process."  **Id**. citing *Barr v. Abrams*, **810 F.2d 358 (2d Cir. 1987)**. "For example, a prosecutor enjoys absolute immunity when determining which offenses to charge, initiating a prosecution, presenting a case to a grand jury, and preparing for trial." **Id.**  This immunity extends "even to a prosecutor who 'conspires to present false evidence at a criminal trial.'  The fact that such a conspiracy is certainly not something that is properly within the role of a prosecutor is immaterial, because it attaches immunity to his function, not to the manner in which he performed it." **Id.** citing *Anilao v. Spota*, **27 F.4th 855, 864 (2d Cir. 2022)**.   Thus even if it were true that the defendants knowingly elicited false testimony, which it is not, they would be entitled to immunity, and the claims are not actionable.

Similarly deficient is the claim that the defendants "published Plaintiff's name and made false claims" such that it damaged his reputation.  To be sure, Plaintiff has failed to specify who made the improper statements, to whom, the manner in which the statements were made, or even when they were made. To the extent that this claim is directed at Prosecutors Jones or Defazio for statements made during the criminal trial, absolute prosecutorial immunity attaches

even to "false or defamatory statements in judicial proceedings". ***Burns v. Reed*, 500 U.S. 478 (1991)**. However the complaint does not give fair notice of what the claims actually are against each defendant, as a result of improper group pleading. ***Williams v. County of Cayuga*, 2025 WL 2363142 (N.D.N.Y. 2025)**.

To the extent that the Dutchess County District Attorney's Office has been named as a defendant, "a municipal entity, such as a district attorney's office, does not have the capacity to be sued as an entity separate from the municipality in which it is located." ***Oshintayo v. Krause*, 2019 WL 1877438 at *4 (N.D.N.Y. 2019)** citing ***Krug v. Cty. of Rensselaer*, 559 F.Supp.2d 223, 247 (N.D.N.Y. 2008).** As such the Dutchess County District Attorney's Office has no legal existence separate from the County itself and is therefore incapable of being sued.

Similarly deficient is the claim for Negligent or Intentional Infliction of Emotional Distress. To be sure, "[p]ublic policy, however, bars IIED claims against government agencies..." ***Llerando-Phillips v. City of New York*, 390 F.Supp.2d 372 (S.D.N.Y. 2005).** Moreover, as against the Prosecutor Defendants, "this conduct more appropriately forms the basis of a malicious prosecution claim, albeit one for which ADA Meierhans is entitled to immunity." ***Zanfardino v. City of New York*, 230 F.3d 325 (S.D.N.Y. 2017)** citing ***Salmon v. Blesser*, 802 F.3d 249 (2d Cir. 2015).** As it relates to the claim of NIED, a "cause of action to recover damages for negligent infliction of emotional distress generally requires a plaintiff to show a breach of a duty owed to him which unreasonably endangered his physical safety, or caused him to fear for his own safety... To recover for negligent infliction of emotional distress, the 'damaged plaintiff [must] be able to point the finger of responsibility at a defendant owing, not a general duty to society, but a specific duty to him.'" ***Kweller v. County of Broome*, 2025 WL 2719897 (N.D.N.Y. 2025)** citing ***Sacino v. Warick Valley Cent. Sch. Dist.,* 138 A.D.3d 717 (2d Dept. 2015)**; ***Johnson v. Jamaica Hosp.,* 62 N.Y.2d 523 (1984)**.

Finally, inasmuch as the complaint attempts to impute liability to the "supervisory defendants" for the acts of the John/Jane Doe Defendants, Plaintiff has not pled what the Doe Defendants actually did which would warrant a finding of liability. Because Plaintiff has failed to state an actionable constitutional violation, there can be no liability pursuant to ***Monell***. ("Absent an underlying constitutional violation, a ***Monell*** claim cannot lie." ***Rankel v. Town of Somers*, 999 F.Supp.2d 527 (S.D.N.Y. 2014)**. As such, the Dutchess County Defendants respectfully request that the Court schedule a motion conference.

Thank you for your time and attention to this matter. Should you have any questions please do not hesitate to contact me.

Very truly yours,
COOK, KURTZ & MURPHY, P.C.

MICHAEL T. COOK



80 WASHINGTON STREET, SUITE 100, POUGHKEEPSIE, NEW YORK 12601  PHONE (845) 262-6333  SOKOLOFFSTERN.COM

KIMBERLY HUNT LEE
KLee@sokoloffstern.com

December 22, 2025

**VIA ECF**
Hon. Nelson S. Romàn
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

RE:    Ingber v. City of Poughkeepsie, et al
       Docket No. 7:25-cv-9671-NSR/AEK
       Our File No. 250059PK

Dear Judge Romàn:

We represent the City of Poughkeepsie, P.O. Tyler Hoag and the City of Poughkeepsie Police Department (s/h/a Poughkeepsie City Police Department) collectively the "City" defendants and write in accordance with the Court's rules to request a pre-motion conference as the City seeks to move to dismiss the complaint because it does not state a cause of action.

The County filed its pre-motion letter on December 19, 2025 (Dkt. 12), and it accurately summarizes the complaint. So as not to be redundant, the City refers to the County's letter regarding the allegations made. As to the City, the complaint is totally bereft of any facts or any legal basis to support a claim against it or Officer Hoag.

Officer Hoag is alleged to be a City Police Officer, acting in this capacity at all times relevant. (Dkt. 2, ¶¶20-22). In March, 2023, plaintiff alleged his SnapChat account was hacked, and he went to speak with Officer Hoag at the Police Department. (Dkt. 2, ¶43). The desk officer *did not* permit plaintiff to speak with Officer Hoag and said that a report was all that was necessary. (Dkt. 2, ¶44). Officer Hoag was dating defendant Brown. (Dkt. 2, ¶64). It is alleged that because Brown was dating Hoag, the charges against plaintiff were upgraded to a Misdemeanor. (Dkt. 2, ¶65). It is totally unclear from the complaint what the City or Officer Hoag have to do with plaintiff's arrest and prosecution, simply dating the victim does not suffice to state a claim.

The complaint suffers from group pleading deficiencies and "lumps all the [D]efendants together in each claim and provides no factual basis to distinguish their conduct." *S.G. v. Bank of China Ltd.*, 2024 WL 1861158, *at 3 (SDNY, 2024), aff'd sub nom. *S.G. v. Bank of China U.S.A.*, 2024 WL 4891390 (2d Cir., 2024) (internal citations omitted). It does not give adequate notice to the

SOKOLOFF STERN LLP

Hon. Nelson S. Roman
December 22, 2025
Page 2 of 3

City or Hoag as to the claims against them. The complaint fails to satisfy this minimum standard and dismissal of each claim, if not the entire complaint, is appropriate. *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir., 2001).

The City of Poughkeepsie Police Department is an administrative agency of the City, not a separate legal entity which can be sued. Departments which function as administrative branches of a municipality are not legal entities which may be sued in their own capacity.  See, e.g., *Lee v. Orange County Jail*, 2020 WL5026554 at *1 (SDNY, 2020 citing, N.Y. General Municipal Law, §2; *Hall v. City of White Plains*, 185 F.Supp.2d 293, 303 (SDNY, 2002); *Carbajal v. County of Nassau*¸ 271 F.Supp.2d 415 (SDNY, 2003). The complaint against it must be dismissed.

To assert a claim under Section 1983, a plaintiff must allege "(1) the challenged conduct was attributable to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York*, 2013 WL 1803896, *2 (SDNY, 2013); see *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). A Section 1983 claim has two essential elements: (1) the defendant acted under color of state law, and (2) because of the defendant's actions, the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges. See, *Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998). There are no allegations of improper conduct by Officer Hoag to satisfy the pleading standards.

Plaintiff asserts malicious prosecution and false arrest claims but does not allege the City or Hoag was involved in his arrest. To state a claim for false arrest under New York law, a plaintiff must show that: (1) the defendant intentionally confined the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise justified. See, *Posr v. Doherty*, 944 F.2d 91, 97 (2d Cir.1991).

To state a claim for malicious prosecution under New York law, a plaintiff must prove: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir.1997). This claim is unsustainable against the City and Hoag since neither were involved in his arrest.

The fabrication of evidence claim is similarly deficient absent allegations that Hoag was involved in the investigation or prosecution of the plaintiff.  There are five elements to a claim for denial of the right to a fair trial: "an (1) investigating official (2) fabricate[d] information (3) that is likely to influence a jury's verdict, (4) forward[ed] that information to prosecutors, and (5) the plaintiff suffer[ed] a deprivation of life, liberty, or property as a result." *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir. 2016).

The "failure to investigate" is not a stand-alone tort. "[I]t is well-settled that there is no independent claim for a police officer's purported failure to investigate; rather, such allegations

SOKOLOFF STERN LLP

Hon. Nelson S. Roman
December 22, 2025
Page 3 of 3

are considered, to the extent they are relevant, within the framework of claims for false arrest, false imprisonment, or malicious prosecution." *Newton v. City of New York*, 566 F.Supp.2d 256, 278 (SDNY, 2008); *McCaffrey v. City of New York*, 2013 WL 494025, at *5 (SDNY, 2013) ("[A] 'failure to investigate' is not independently cognizable as a stand-alone claim.").

The conspiracy claims also fail. To survive a motion to dismiss a claim for conspiracy to violate Section 1983, a plaintiff must show: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Deskovic v. City of Peekskill*, 894 F.Supp.2d 443, 465 (2012) The complaint is bereft of details to satisfy any of these elements. Mere allegations of a conspiracy, without facts to support it, cannot withstand a motion to dismiss. *Aziz Zariff Shabazz v. Pico*, 994 F.Supp. 460, 467 (SDNY, 1998).

To maintain a claim for intentional infliction of emotional distress, a plaintiff must establish "[i] extreme and outrageous conduct, [ii] intent to cause severe emotional distress, [iii] a causal connection between the conduct and the injury, and [iv] severe emotional distress." *Sylvester v. City of New York*, 385 F. Supp. 2d 431, 441 (SDNY, 2005) (quoting, *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir., 1996)). In New York, liability under an IIED theory "has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Schoolcraft v. City of New York*, 133 F. Supp. 3d 563, 570 (SDNY, 2015) (quoting, *Howell v. New York Post Co.*, 81 N.Y.2d 115, 122 (1993). The allegations made against Officer Hoag do not meet this standard.

The City and Officer Hoag would welcome a pre-motion conference to set a briefing schedule for a motion to dismiss.

Very truly yours,

SOKOLOFF STERN, LLP

Kimberly Hunt Lee

Kimberly Hunt Lee

# ALAN KACHALSKY, ESQ.

4 Peck Ave., Apt. 47C, Peck Avenue ● Rye, New York 10580 ● (516) 557-1200 ● E-mail: catchsky@earthlink.net

December 22, 2025

**VIA ECF**
Hon. Nelson S. Roman
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

RE:    Ingber v. City of Poughkeepsie, et al
       Docket No.: 7:25-cv-9671-NSR/AEK Our File No. 250059PK

Dear Judge Roman:

The 'City Defendants' and the 'County Defendants' have both requested pre-motion conferences preparatory to these parties seeking to move to dismiss the complaint.

As both groups have waited till the eve of the expiration of their respective extended time to respond to the complaint, Plaintiff respectfully requests that such conference be scheduled at least 45 days from now so that counsel can have sufficient time to review and analyze the issues set forth in their Letter-Requests. This would serve the interest of judicial economy, as the undersigned is not seeking to waste this Court's time, as well as my time, and adverse counsel's time by arguing points which may be conceded.

The undersigned also requests that such conference not be scheduled between January 28 and Feb. 3, 2026.

Thank you for your cooperation,

Sincerely,

Alan Kachalsky